(111 App. Div. 473.)

### PEOPLE ex rel. LAWSON v. LAWSON.

(Supreme Court, Appellate Division, Second Department. March 16, 1906.)

1. DIVORCE—CUSTODY OF CHILDREN—TO WHOM AWARDED.

The paramount consideration in awarding the custody of children to either parent in a divorce action is the welfare of the children.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 781–787.]

2. SAME—EVIDENCE.

Where the affidavits in a proceeding for the award of the custody of children of parties to a divorce showed that the children were old enough to be impressed with their surroundings, that they had lived a life of hotels and boarding houses; that the mother was gay, indiscreet, and infirm of temper, kept late hours, and arose late; so demeaned herself as to be censured by prudent persons both for her carriage and for her neglect of the children, even to their bodily cleanliness; there being no such showing against the father, who offered his married sister's home (apparently one of educated and respectable people) as a home for the children, his sister assenting thereto—the custody of such children was properly awarded to the father pending the trial of the divorce issues.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 781–784.]

Hirschberg, P. J., dissenting.

Appeal from Special Term, Kings County.

Proceeding by the people on the relation of William M. Lawson, against Lena L. Lawson. From a final order awarding the custody of the parties' children to respondent pending the trial of divorce issues, relator appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Frank Harvey Field (R. Percy Chittenden, on the brief), for appellant.

Edmund L. Mooney, for respondent.

JENKS, J. The paramount consideration is the welfare of the children. People ex rel. Elder v. Elder, 98 App. Div. 244, 90 N. Y. Supp. 703, and authorities cited. They are not of years so tender as to require award to the woman because the mother is essential to their daily living. The record of life with the mother is before us. It is not enough that the children have not been naked and have not been hungry. They should have received care like unto that which moves a parent not only to clothe and feed his child, but to train him up in the way he should go. There has been a lack of such tutelage. A child is apt to pattern its life after that of its parent. These children are old enough to be impressed with their surroundings, to be moulded by the course of their parents' life, and to remember even what they may not now understand. The lads have lived a life of hotels and boarding houses. Disinterested affiants describe the mother as gay, indiscreet, intemperate of speech, and infirm of temper. They depose that her habits are not good; that she rises late, keeps late hours abroad, and passes much time in the society of men whose influence is bad. In short, these people say that she so demeans herself as to be censured by prudent persons both for her carriage and for her neglect of her children, even to their bodily cleanliness. No reason appears why we should discredit these affidavits, and no sufficient answer is made to them. This proceeding, then, must be determined by them, and we must take the situation as they describe it. It is not necessary to attribute it to intention, for inattention may have caused it. Though the father is the subject of counter attack, there is no such showing against him. He is affluent. He offers his married sister's home (apparently one of educated and respectable people) as a home for his

children, and his sister assents. The presumption is clear enough that the lads will be far better off there than·in their present atmosphere. By this decision we do not prejudice the issues in the pending action for an absolute divorce, for the welfare of the children and the wrongdoing of a parent are quite different questions. The trial of these issues may reveal that the woman has been belied by these affiants, but we are clear that the question of custody as now presented must be determined in favor of the father. The mother should not be entirely cut off from access to the children, but should be allowed to visit them for two hours at a time twice in each week.

The order must be reversed, and the custody awarded to the father, with such provision for access by the mother as we have indicated.

All concur, except HIRSCHBERG, P. J., who dissents, and RICH, J., who takes no part.

HIRSCHBERG, P. J. I dissent. As the case contains counter charges, and a former trial was decided in defendant's favor; as the present custody of the children is the result of the plaintiff's abandonment of them; as they are very young, and no serious injury has apparently been occasioned by their mother's care of them; and as the case can be tried speedily on the merits if the plaintiff wishes—I think it would be wiser not to interfere with the discretion of the Special Term.